RECEIVED
AUG 2 5 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| WIGGIE WILLIAMS | * | CIVIL ACTION NO. 05-964 |
| VERSUS | * | JUDGE MELANÇON |
| FIRST HEALTH NETWORK | * | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Pending before the undersigned for report and recommendation is the Motion to Dismiss Pursuant to Rule 12(b)(6) filed by defendant, First Health Group Corp. ("First Health"). [rec. doc. 6]. For those reasons set out below, it is recommended that the Motion to Dismiss be **DENIED**.

## BACKGROUND

In the instant Motion, First Health argues that the instant lawsuit, seeking payment of plaintiff's medical care expenses, is in fact a suit filed pursuant to the Employers' Retirement Insurance Security Act "ERISA". However, First Health contends that in his original complaint, plaintiff "failed to plead exhaustion of the administrative remedies and in fact failed to exhaust such remedies provided in his Group Health Services Agreement as required by ERISA...." In response, plaintiff has filed an Amending Complaint in which plaintiff alleges that "to the best of his belief, he has exhausted his administrative remedies and therefore files the present lawsuit." [rec. doc. 8, ¶ 9].

## Motion to Dismiss Standard

In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). It is black-letter law that a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is to be evaluated only on the pleadings. *Mahone v. Addicks Utility District of Harris County*, 836 F.2d 921, 935 (5th Cir. 1988). The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *St Paul Mercury Insurance Co. v. Williamson*, 224 F.3d 425, 440 fn 8 (5th Cir. 2000). If a motion to dismiss presents matters outside of the pleadings and such matters are not excluded by the court, the motion to dismiss may be treated as one for summary judgment. *Turner v. Houma Municipal Fire and Police Civil Service Board*, 229 F.3d 478, 481 at fn 5 (5th Cir. 2000) citing FRCP 12(b)(6) and *Estate of Smith v. Tarrant County Hosp. Dist.*, 691 F.2d 207, 208 (5th Cir.1982).

## LAW AND ANALYSIS

Claimants seeking benefits under an ERISA plan must exhaust available administrative remedies under the plan before bringing suit to recover those benefits. *Cooperative Benefit Administrators, Inc. v. Ogden*, 367 F.3d 323, 336 (5th Cir. 2004). First Health contends that plaintiff has failed to allege that he has exhausted administrative remedies before proceeding herein. However, since the filing of the

instant Motion, plaintiff has filed an Amending Complaint in which he alleges exhaustion. Under the applicable standard of review, evaluating only the pleadings and considering the well-pleaded facts as true in the light most favorable to the plaintiff, the instant Motion to Dismiss under FRCP 12(b)(6) must be denied. *Baker*, 75 F.3d at 196; *Mahone*, 836 F.2d at 935. In his Original and Amending Complaints, plaintiff has alleged a valid claim for relief.

Although First Health alleges in the instant Motion that plaintiff has not in fact completely exhausted available administrative remedies, no documents in support of that allegation have been submitted for this court's review. Thus, this court cannot treat the instant Motion as a Motion for Summary Judgement. *See Turner*, supra. If appropriate, First Health may present this issue by future Motion for Summary Judgment attaching all supporting documentation for this court's review.

## CONCLUSION

Based on the foregoing, it is recommended that the Motion to Dismiss Pursuant to Rule 12(b)(6) filed by defendant First Health Group Corp.[rec. doc. 6] be **DENIED**.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN TEN (10) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P 6(b), SHALL BAR AN AGGRIEVED**

PARTY FROM ATTACKING EITHER THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR. **DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION**, 79 F.3d. 1415 (5th Cir. 1996).

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Signed this 25 day of August, 2005, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

COPY SENT:
DATE: 8-26-05
BY: GM
TO: OTLM
CHH