RECEIVED

NOV 15 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **Wiggie Williams** | Civil Action No. 05-0964 |
| versus | Judge Tucker L. Melançon |
| **The First Health Network** | Magistrate Judge C. Michael Hill |

## MEMORANDUM RULING

Before the Court is defendant's, First Health Group Corp.("First Health")(incorrectly named herein as The First Health Network), Motion for Summary Judgment ("Defendant's Motion")[Rec. Doc. 27], and an Opposition to Motion for Summary Judgment ("Plaintiff's Opposition") [Rec. Doc. 29,31] submitted by plaintiff, Wiggie Williams. For the following reasons, defendant's Motion will be GRANTED.

### I. FACTUAL BACKGROUND

Plaintiff participated in an health and medical pay employee benefits plan sponsored by HCA, Inc. through the employment of his wife, Carolyn Williams. (*Plaintiff's Complaint*, p.1). The HCA Medical Plan (the "Plan") is an employee benefit plan within the meaning of the Employee Retirement Income Security Act

1

of 1974 (ERISA), 29 U.S.C. Sec. 1001 *et seq.* (*Defendant's Statement of Uncontested Material Facts*). HCA, Inc., and not defendant First Health, is the Plan Administrator and retains final discretion to approve or deny benefits. (*Defendant's Exhibit F, Affidavit of Bob Schmitt*).

On or about April 2004, plaintiff was "diagnosed for illness and/or injury and was in need of hospitalization." (*Plaintiff's Complaint*, p. 1). Plaintiff made demands for payment "in connection with his medical treatment and/or hospital confinement" to defendant, which defendant did not honor. (*Plaintiff's Complaint*, p. 1). Plaintiff claims that he exhausted all administrative remedies to no avail, and so filed this present lawsuit (*Plaintiff's Amended Complaint*, p. 1).

Previously, however, defendant sought dismissal of plaintiff's complaint because plaintiff originally failed to plead exhaustion of the administrative review provisions of the HCA Plan, in response to which plaintiff filed an Amending Complaint [Rec. Doc. 8] stating that "to the best of his belief, he has exhausted his administrative remedies..." (*Id.*). U.S. Magistrate Judge C. Michael Hill issued a Report and Recommendation to this Court, in which he denied the Motion to Dismiss based on the Amending Complaint and because defendant did not submit documents in support of the failure to exhaust allegation, but noted that "If appropriate, First Health may present this issue by future Motion for Summary

Judgment attaching all supporting evidence for this court's review." [Rec. Doc. 11][Judgment of this Court adopting the Report and Recommendation, Rec. Doc. 13]. Such is the matter to be considered by the Court herein.

## II. SUMMARY JUDGMENT STANDARD

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994)(en banc). Initially, the party moving for summary judgment must demonstrate the absence of any genuine issues of material fact. When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Id.* If the moving party fails to carry this burden, his motion must be denied. If he succeeds, however, the burden shifts to the non-moving party to show that there is a genuine issue for trial.[1] *Id.* at 322-23.

---

[1] Where the nonmoving party has the burden of proof at trial, the moving party does not have to produce evidence which would negate the existence of material facts. It meets its burden by simply pointing out the absence of evidence supporting the non-moving party's case. *Celotex*

3

Once the burden shifts to the respondent, he must direct the attention of the court to evidence in the record and set forth specific facts sufficient to establish that there is a genuine issue of material fact requiring a trial. *Celotex Corp.*, 477 U.S. at 324; Fed.R.Civ.Pro. 56(e). The responding party may not rest on mere allegations or denials of the adverse party's pleadings as a means of establishing a genuine issue worthy of trial, but must demonstrate by affidavit or other admissible evidence that there are genuine issues of material fact or law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144. 159 (1970); *Little*, 37 F.3d at 1075. There must be sufficient evidence favoring the non-moving party to support a verdict for that party. *Anderson*, 477 U.S. at 249; *Wood v. Houston Belt & Terminal Ry.*, 958 F.2d 95, 97 (5th Cir. 1992). There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir.1990).

If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the court is required to render the judgment prayed for. Fed. R. Civ.

---

*Corp.*, 477 U.S. at 325. To oppose the summary judgment motion successfully, the non-moving party must then be able to establish elements essential to its case on which it will bear the burden of proof at trial. A complete failure of proof by the non-moving party of these essential elements renders all other facts immaterial. *Id.* at 322.

P. 56(c); *Celotex Corp.*, 477 U.S. at 322. Before it can find that there are no genuine issues of material fact, however, the court must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Id*

### III. LAW & ANALYSIS

In its Motion for Summary Judgment, defendant avers: (1) ERISA preempts all state law claims; (2) plaintiff's ERISA claims must be dismissed for failure to exhaust administrative remedies provided in his Group Health Services Agreement as required by ERISA. Plaintiff responds that neither he nor his wife, the policy holder, were instructed by defendant regarding the procedures to follow in processing long term disability claims, how to supply evidence to the administrative record, or the two-level appeals process dictated by the plan terms. (*Plaintiff's Opposition,* p. 5). Plaintiff also pleads the futility exception - filing of the appeal would have been futile, his claim having been denied on the first level, without new medical evidence, certainly would be denied again on the second level. (*Id.*).

### *1. All of Plaintiff's State Law Claims are Preempted by ERISA*

On the issue of whether ERISA preempts plaintiff's state law claims, defendant asserts that there is no dispute that plaintiff's claim for payment in this case is governed by ERISA, but seeks reassurance regarding plaintiff's' state law

claim for benefits, penalties and attorney's fees.

The nature of the allegations presented in plaintiff's complaint, as well as the relief sought, indicate that plaintiff's claims involve the type of claims preempted by ERISA: a claim directly affecting the relationship between the traditional ERISA entities – the employer, the plan and its fiduciaries, and the participants and beneficiaries.[2] Furthermore, plaintiff stipulated that ERISA governs the employee benefit plan at issue in both Joint Stipulations [Rec. Docs. 17 & 20] submitted by the parties pursuant to the Court's ERISA Case Order. Plaintiff has not presented any evidence to dispute ERISA preemption over his state law claims nor has he advanced any argument in any responsive pleading or in the Opposition currently before the Court suggesting that he retracts this stipulation.

Accordingly, the Court finds that ERISA preempts all state law claims

---

[2] The ERISA preemption clause states that ERISA "shall preempt any and all state laws insofar as they may now or hereafter relate to any employer benefit plan." 29 U.S.C. §1144(a). "A state law 'relates to' an employee benefit plan if it has a connection with or reference to such a plan." *Smith v. Texas Children's Hospital*, 84 F.3d 152, 155 (5th Cir. 1996). "Thus, ERISA preempts a state law claim 'if (1) the state law claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claim directly affects the relationship between the traditional ERISA entities – the employer, the plan and its fiduciaries, and the participants and the beneficiaries.'" *Id.* (quoting *Hubbard v. Blue Cross & Blue Shield Assoc.*, 42 F.3d 942, 945 (5th Cir. 1995)).

related to plaintiff's employee benefit plan.

## 2. Exhaustion of Administrative Remedies

First Health asserts that plaintiff's action should be dismissed because plaintiff did not completely exhaust his administrative remedies as he failed to pursuit the second level of the appeals process dictated by the Plan terms. As supporting evidence, defendant attaches the affidavit of Bob Schmidt, Director of Benefit Administration for HCA, Inc., attesting to the fact that plaintiff failed to fully exhaust his administrative remedies, as well as the Summary Plan Description presenting the terms and procedures for appeal.

Fifth Circuit jurisprudence is clear: "Claimants seeking benefits from an ERISA plan must first exhaust available administrative remedies under the plan before bringing suit to recover benefits." *See Cooperative Ben. Adm'rs, Inc. v. Ogden* 367 F.3d 323, 336 (5th Cir.2000); *Bourgeois v. Pension Plan for the Employees of Santa Fe Int'l Corps.*, 215 F.3d 475, 479 (5th Cir.2000) (citing *Denton v. First Nat'l Bank of Waco*, 765 F.2d 1295, 1300 (5th Cir.1985)). In *Hall v. National Gypsum Co.*, 105 F.3d 225, 231 (5th Cir.1997), the Fifth Circuit Court of Appeals discussed the purpose of the exhaustion doctrine in suits brought under ERISA. Citing *Denton v. First Nat'l Bank of Waco*, 765 F.2d 1295 (5th Cir.1985) and *Amato v. Bernard*, 618 F.2d 559 (9th Cir.1980), which the Fifth Circuit styled

7

"the seminal case on the issue of exhaustion," the Court stated that the purposes of the exhaustion requirement included: "minimizing the number of frivolous ERISA suits, promoting the consistent treatment of benefit claims, providing a nonadversarial dispute resolution process, and decreasing the time and cost of claims settlement." *Amato,* 618 F.2d at 567; *see also Stone v. Prudential Insurance Co. of America,* 226 F.2d. 818 (W.D.La. 2002). The Court went on to cite *Denton,* where it additionally noted that the requirement also serves to "provide a clear record of administrative action if litigation should ensue, and to assure that judicial review is made under the arbitrary and capricious standard, not de novo." 765 F.2d at 1300. The Fifth Circuit reminded that this was necessary "to keep from turning every ERISA action, literally, into a federal case." *Id.*

Plaintiff's submission in his Opposition that the exhaustion doctrine purposes to "assure that the denials of benefits are not arbitrary and capricious," and that he would "waive his claim that the administrator was arbitrary and capricious. Hence, the exhaustive remedy requirement has not been violated by plaintiffs," suggests that plaintiff lacks a fundamental understanding of the law regarding an ERISA cause of action for benefits. (*Plaintiff's Opposition,* p.6). What's more, plaintiff does not dispute that he failed to pursue the second level of appeal, but states that he "would have pursued the second level appeal process

dictated by the plan terms if he would have known to do." (*Plaintiffs's Opposition*, p. 5). As it were, plaintiff's main argument in Opposition to defendant's Motion is to blame the defendant for not providing him with the necessary information and instructions as to the appellate process.

Plaintiff's allegation that he lacked the requisite information to file a long term disability claim and the appeals procedure is meritless. Plaintiff makes a weak argument that will not defeat summary judgment in faulting defendant for not supporting this Motion for Summary Judgment with evidence establishing the "degree of plaintiff's (or his wife's) understanding, education or reading comprehension" to be able to understand the plan's procedure or "reflecting that they [plaintiff and his wife] possessed knowledge of appellate procedure or that they understand what the documentation was informing them to do."*(Plaintiff's Opposition*, p. 6) There is no indication that plaintiff requested the plan documents or any other information regarding processing his claim, or that he was specifically denied the information and instructions necessary to effectuate the processing of his disability claim and appeal. In *Bourgeois*, 215 F.3d at 479, the Fifth Circuit Court of Appeals reviewed a case with similar happenstance and claims, and stated, "it strains credulity to think that [the plaintiff] -whether through counsel or not-possesses the sophistication to pursue a lawsuit in state and federal

courts but lacks the basic capacity to ask a plan administrator for information on the filing of a claim. Based on the above, the Court finds that the issue of plaintiff's failure to exhaust his administrative remedies under the Plan as required by ERISA as a prerequisite to filing suit is not justiciable.

As for plaintiff's attempt to come within the futility exception to the exhaustion of remedies doctrine, in the Fifth Circuit we have "recognized an exception to the affirmative defense of failure to exhaust administrative remedies when such attempts would be futile." *Bourgeois v. Pension Plan for the Employees of Santa Fe Int'l Corps.*, 215 F.3d 475, 479 (5th Cir.2000) (citing *Hall v. Nat'l Gypsum Co.*, 105 F.3d 225, 232 (5th Cir.1997)). However, the Court finds that plaintiff has not made an adequate showing that it is certain that the claim rejected by the Plan will be denied by the plan on the second level of appeal and therefore it is futile to exhaust internal plan remedies.

Plaintiff merely makes a brief and conclusory contention that it would have been futile to make the second appeal because plaintiff's claim was denied the first time, and without new and additional information to support his claim for disability benefits, the administrative review committee would have no reason to change its decision but would certainly deny his claim again. (*Plaintiff's Opposition*, p. 6). Plaintiff makes no showing or claim of hostility or bias on the

part of the administrative review committee of the HCA Plan or that the Plan's position has become so fixed that an appeal will serve no purpose. The Court thus finds that the futility exception does not apply.

## IV. CONCLUSION

Plaintiff has not shown that he exhausted his administrative remedies or that his efforts to exhaust would have been futile. Therefore, plaintiff has failed to properly state a cause of action under ERISA and defendant is entitled to summary judgment. Accordingly, defendant's Motion for Summary Judgment will be GRANTED.